**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

# LETTER OPINION

January 11, 2007

Malik Thompson
#136935
Hudson County Correctional Facility
35 Hackensack Avenue
South Kearny, NJ 07032
*Plaintiff Pro Se*

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101
*Attorney for Defendant Keefe Commissary Network, L.L.C.*

     Re:    **Malik Thompson v. Oscar Aviles, et al.**
              **Civil Action No. 06-CV-3490 (WJM)**

Dear Litigants:

     This matter comes before the Court on Defendant Keefe Commissary Network, L.L.C.'s motion to dismiss Plaintiff *Pro Se* Malik Thompson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Keefe's motion is **GRANTED**.

## Background

     Plaintiff Malik Thompson ("Plaintiff"), currently confined at the Hudson County Correctional Facility ("HCCF"), brings this action under 42 U.S.C. § 1983. (Complaint ¶ 1 [*hereinafter* "Compl."].) Acting *pro se*, he filed suit against various defendants, including Keefe Commissary Network, L.L.C. ("Keefe"). In his complaint, Plaintiff alleges that Keefe operates a commissary inside HCCF that sells tobacco and tobacco-related products to inmates and prison staff. Plaintiff contends that, through the sale of its tobacco products, Keefe exposed him to

environmental tobacco smoke ("ETS" or "second hand smoke") and thereby increased the risk to his health. (*Id.* at 15-16). According to Plaintiff, this violated his Eighth Amendment right to be free from cruel and unusual punishment. He brought suit under 42 U.S.C. § 1983 seeking "$10,000,00.00 per occurrence for each instance of exposure to second hand smoke...." (*Id.* at 20.) Keefe now moves to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Discussion

### I.  Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

When a complaint is filed *pro se*, the Court will liberally construe the pleadings and will apply the applicable law, "irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (citing *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

### II.  Plaintiff Failed to Exhaust His Administrative Remedies

Keefe argues that Plaintiff's complaint should be dismissed against it because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1996 ("PLRA") requires that a prisoner asserting claims under § 1983 first exhaust all administrative remedies available to him. 42 U.S.C. § 1997e(a) ("No action shall be brought [under § 1983] until all such remedies as are available have been exhausted."). Exhaustion is mandatory. *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Prisoners must exhaust administrative remedies as to any claim arising in the prison setting, regardless of any limitations on the kind of relief available through the grievance process. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006); *Porter*, 534 U.S. at 532. Furthermore, the PLRA contains no futility exception that would excuse a failure to exhaust administrative remedies. *See Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 1999).

Here, it is clear from Plaintiff's complaint, and the documents attached to it, that he failed to exhaust his claims of exposure to ETS. Specifically, Plaintiff attached eight grievance forms to his complaint. These grievance forms, according to him, constitute evidence of the steps he took in exhausting his administrative remedies. (Compl. ¶ 5.) In none of these forms, however, does Plaintiff ever raise a claim of ETS. The only form that comes even close to asserting an ETS claim is one lodged to prison officials about poor air quality in the prison caused by unclean air vents. (Compl. at Ex. 11.) This grievance, though, makes no mention of ETS. Furthermore, the court notes that Plaintiff had an opportunity in his opposition brief to rebut Keefe's claim that he failed to exhaust his administrative remedies. Plaintiff, however, did not offer any response on this issue.

Therefore, Plaintiff's ETS claim will be dismissed for failure to exhaust administrative remedies. Such dismissal is *without prejudice*. *See, e.g., Booth v. Chruner*, 206 F.3d 289, 299-300 (3d Cir. 2000) (affirming district court's dismissal of § 1983 action without prejudice as appropriate where plaintiff failed to exhaust administrative remedies before bringing suit in federal court). Furthermore, since Plaintiff's ETS claim applies to all defendants in this matter, it will be dismissed without prejudice as to each of them.

As for Keefe's remaining arguments – i.e., that it is not a state actor, that Plaintiff fails to state a claim under the Eighth Amendment, and that Plaintiff's claim is akin to a products liability action – the Court shall reserve judgment on those issues until Plaintiff first exhausts his administrative remedies as required under the PLRA.

## Conclusion

For the foregoing reasons, Keefe's motion to dismiss is **GRANTED** and Plaintiff's complaint as to Keefe is **DISMISSED WITHOUT PREJUDICE**. Furthermore, Plaintiff's claims relating to ETS are **DISMISSED WITHOUT PREJUDICE** as to all Defendants in this action.

s/William J. Martini  
**William J. Martini, U.S.D.J.**